IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-291-RJC-DCK

| | |
|---|---|
| DELTA V FORENSIC ENGINEERING, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DELTA V BIOMECHANICS, INC., ) <br> ) <br> Defendant. ) <br> ) | <br><br><br><br> **MEMORANDUM AND** <br> **RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

### I. BACKGROUND

Delta V Forensic Engineering, Inc. ("Plaintiff") initiated this action with the filing of its "Complaint" (Document No. 1) against Delta V Biomechanics, Inc. ("Defendant") on May 31, 2017. The Complaint notes that Plaintiff is a corporation organized and existing under the laws of North Carolina, with its principal place of business in Charlotte, North Carolina. (Document No. 1, p.1). Plaintiff "provides accident investigation services and forensic evidence in legal matters involving accident reconstruction." Id. The Complaint describes Defendant as a corporation organized and existing under the laws of California, with a principal place of business in Palo Alto, California. (Document No. 1, p.2). Plaintiff contends that Defendant "is also in [the] accident investigation and reconstruction business." Id. The Complaint further contends that this Court

has *in personam* jurisdiction over Defendant, because "Defendant is engaged in trademark infringement and unfair competition directed at and/or which caused damages to persons and entities residing in, located in, or doing business in the United States including the Western District of North Carolina." (Document No. 1, p.3).

The Complaint asserts claims for: (1) federal trademark infringement/unfair competition; (2) North Carolina unfair and deceptive trade practices; (3) North Carolina trademark infringement; and (4) North Carolina common law unfair competition. (Document No. 1, pp.5-7).

"Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 14) and "Brief In Support…" (Document No. 16) were filed on August 8, 2017. Defendant seeks dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction. (Document No. 14). Defendant contends that it "is subject to neither general nor specific personal jurisdiction in North Carolina, as it lacks continuous and systematic contacts with North Carolina or any contact with North Carolina relevant to this lawsuit." Id. "Plaintiff Delta V Forensic Engineering, Inc.'s Opposition…" was filed on September 12, 2017; and Defendant's "Reply Brief In Support…" was filed September 29, 2017.

The pending motion to dismiss is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one

> for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

Questions of jurisdiction are answered by a two-step analysis: (1) the court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. Gen Latex & Chem. Corp. v. Phoenix Med. Tech., 765 F.Supp. 1246, 1248-49 (W.D.N.C. 1991). The statutory inquiry merges with the constitutional inquiry, essentially

3

becoming one.  See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state.  The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State;  (2) whether the plaintiff's claims arise out of those activities directed at the State;  and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'"  New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004)).

### III.  DISCUSSION

The crux of Defendant's argument in its motion to dismiss is that "it has no relevant contacts with North Carolina—it does not advertise here, has no clients here, has not been retained in litigation here, and attributes none of its revenues to persons or entities located in North Carolina," and "Plaintiff's claims do not arise out of any Biomechanics activity in North Carolina." (Document No. 16, p.1).

**A.  North Carolina's Long-Arm Statute**

Defendant first argues that North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, does not apply to the facts of this case.  (Document No. 16, pp.3-5).  Defendant suggests that subsection 4 of 1-75.4 might come close, but that Defendant has not:  solicited or provided services in North Carolina;  produced any products or materials sold or consumed in North Carolina;  or sent any unsolicited bulk commercial electronic mail into North Carolina.  (Document No. 16, p.5) (citing N.C. Gen. Stat. § 1-75.4(4) and Vision Motor Cars, Inc. v. Valor Motor Co., 981 F.Supp.2d 464, 472 (M.D.N.C. 2013)).

4

In opposition to the motion, Plaintiff seems to suggest, without directly addressing Defendant's argument, that N.C. Gen. Stat. § 1-75.4(3), providing – "in any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant" – might apply here. (Document No. 19, p.9). Plaintiff contends that Defendant "solicits live contact for its services under its infringing mark in North Carolina via its interactive website." Id. Plaintiff notes that the Fourth Circuit has held that:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. **A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction**. . . .
>
> [A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. . . .

Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 713-14 (4th Cir. 2002) (citations omitted) (emphasis added).

Plaintiff contends that Defendant "maintains an *interactive* website where it solicits consumers for its consulting services, among other services." (Document No. 19, p.10) (citing Document No. 19-1). Plaintiff further contends that Defendant's "services and advertisements are *national in scope* which clearly may include, and has included, North Carolina." (Document No. 19, p.12). Plaintiff also asserts that Defendant does not deny that "it has traveled to North Carolina

5

in order to provide its services under its infringing mark," and that even a single contact may create jurisdiction. Id. (citing Carefirst, 334 F.3d at 397).

In reply, Defendant first notes that Plaintiff has failed to clarify whether it seeks to establish personal jurisdiction based on general or specific jurisdiction. (Document No. 22, p.4). Defendant contends that there is no plausible case for general jurisdiction and that Plaintiff has failed to acknowledge the requirements for specific jurisdiction. Id. Defendant also cites to the Fourth Circuit's decision in ALS Scan, Inc., noting:

> In determining specific jurisdiction, we consider (1) the extent to which the defendant "purposefully avail[ed]" itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable."

Id. (quoting ALS Scan, Inc., 293 F.3d at 712).

Defendant goes on to contend that Plaintiff has failed to show a *prima facie* basis for finding sufficient "solicitation and services activities" to support jurisdiction, or adequate support that Defendant purposefully availed itself of the privilege of doing business in North Carolina. (Document No. 22, p.5). Defendant argues that the cases relied upon by Plaintiff are distinguishable, and that this case has only involved advertising through a website, not conventional print advertising or solicitation of services directed to North Carolina. (Document No. 22, p.7).

Defendant further argues that its website is not *interactive* under the Zippo test, adopted by the Fourth Circuit in ALS Scan, Inc. (Document No. 22, pp.7-9); see also ALS Scan, Inc., 293 F.3d at 713-14 (quoting Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa. 1997)). Applying Zippo, the Fourth Circuit found that the Maryland court did not have jurisdiction over defendant Digital Service Consultants, Inc. ALS Scan, Inc., 293 F.3d at 714-15.

6

> [W]e conclude that Digital's activity was, at most, passive and therefore does not subject it to the judicial power of a Maryland court even though electronic signals from Digital's facility were concededly received in Maryland. . . . Rather, its role as an ISP was at most passive. Surely, it cannot be said that Digital "purposefully availed" itself of the privilege of conducting business or other transactions in Maryland. . . . Indeed, the only *direct* contact that Digital had with Maryland was through the general publication of its website on the Internet. But that website is unrelated to ALS Scan's claim in this case because Digital's website was not involved in the publication of any infringing photographs.

Id. (citations omitted).

Defendant argues that its website is not interactive because it does create a real time link. (Document No. 22, p.8). "The link merely provides for downloading the third party software but activating the software does not create a real time link with Biomechanics." Id. Moreover, there was no intent to "target North Carolina." (Document No. 22, pp.8-9) (citing Public Impact, LLC v. Boston Consulting Group, Inc., 117 F.Supp.3d 732,744-45 (M.D.N.C. 2015) ("the Fourth Circuit has been notably reluctant to extend personal jurisdiction to out-of-state defendants based on little more than their presence on the Internet.").

The undersigned finds Defendant's arguments addressed above, and as otherwise included in its briefs, to be persuasive and well-supported by relevant authority. (Document Nos. 16 and 22). As in Vision Motors, Inc., ALS Scan, Inc., and Public Impact, LLC, the Court does not find that Plaintiff has made a sufficient showing to support personal jurisdiction over Defendant. To the extent Plaintiff relies on Defendant's website, the undersigned finds that such contact was passive and does not provide grounds for personal jurisdiction. See (Document No. 19, pp.9-10) (quoting ALS Scan, Inc., 293 F.3d at 713-14); see also (Document No. 19-1, p.2).

**B. Due Process**

In addition, the undersigned is also convinced that asserting personal jurisdiction in this case would not comport with due process.

> The exercise of personal jurisdiction comports with due process when the defendant purposefully established "minimum contacts" in the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Ellicott Mach., 995 F.2d at 477. The court's exercise of personal jurisdiction must also comport with traditional notions of "fair play and substantial justice." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (personal jurisdiction exists where defendant introduces product into stream of commerce with expectation that citizens in forum state will use the product).
>
> Other cases have emphasized that the minimum contacts must be "purposeful." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). This "purposeful" requirement rests on the basic premise that traditional notions of fair play and substantial justice are offended by requiring a nonresident to defend himself in a forum state when the non-resident never purposefully availed himself of the privilege of conducting activities within the forum state, thus never invoking the benefits and protections of its laws. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Moreover, "this purposeful requirement helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 523 (M.D.N.C. 1996), citing Burger King, 471 U.S. at 472; and World Wide Volkswagen, 444 U.S. at 297.

Andritz Hydro Corp. v. PPL Montana, LLC, 3:13-CV-412-RJC-DSC, 2013 WL 5574923, at *4-5 W.D.N.C. Oct. 10, 2013).

Defendant effectively argues that it does not have "continuous and systematic" contacts with this forum. Defendant then asserts that Plaintiff's claims do not arise out of any Biomechanics activity in North Carolina, and therefore, weighing the factors established by the Fourth Circuit, there is also no specific jurisdiction here. (Document No. 16, p.6) (quoting ALS Scan, Inc., 293 F.3d at 712). See also New Wellington, 416 F.3d at 294.

8

Defendant further argues that it has "engaged in no conduct 'expressly aimed' at North Carolina." (Document No. 16, p.8). Instead, it explains its "sole interaction with North Carolina was a single-day trip by one of its employees to take photographs for a case pending in Pennsylvania, for which Biomechanics contracted with a Pennsylvania attorney." Id. (citing Document No. 15, pp.5-6).

The undersigned agrees with Defendant that this one trip by an employee on June 26, 2015, is not sufficiently substantial to support personal jurisdiction, nor did it relate to the claims in this lawsuit. See ALS Scan, Inc., 293 F.3d at 712; New Wellington, 416 F.3d at 294. The undersigned also finds a decision by the Supreme Court to be instructive. See Walden v. Fiore, 134 S.Ct. 1115 (2014). The Court's thorough analysis in Walden of the sufficiency of a non-resident defendant's contacts with a forum to create specific jurisdiction appears to be applicable here. In pertinent part, this unanimous decision opined as follows:

> The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" . . . For a State to exercise jurisdiction consistent with due process, the **defendant's suit-related conduct must create a substantial connection with the forum State**.
>
> First, **the relationship must arise out of contacts that the "defendant *himself*" creates with the forum State**. . . . Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties. . . . We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State. . . .
>
> Second, our "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.
>
> . . . it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction

> over him. . . . To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. . . . Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, **not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State**.

Walden v. Fiore, 134 S.Ct. 1115, 1122-23 (2014) (internal citations omitted) (emphasis added).

Based on the foregoing, the undersigned is not persuaded that: (1) Defendant purposefully availed itself of the privilege of conducting activities in the State; (2) Plaintiff's claims arise out of activities directed at the State; or that the (3) the exercise of personal jurisdiction would be constitutionally reasonable. See ALS Scan, Inc., 293 F.3d at 711-12 (4th Cir. 2002); see also, Perficient, Inc. v. Pickworth, 3:11-CV-479-RJC-DCK, 2012 WL 3204011, at *5-6 (W.D.N.C. Aug. 6, 2012) (quoting Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc., 982 F.Supp. 350, 353 (D.Md. 1997) ("The Fourth Circuit 'has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there.'").

Plaintiff has not met its burden of establishing jurisdiction is proper here. In short, Defendant's alleged contacts with North Carolina are simply too attenuated, and the undersigned will, therefore, respectfully recommend that "Defendant's Motion To Dismiss…" (Document No. 14) be granted pursuant to Fed.R.Civ.P. 12(b)(2).

The undersigned will respectfully decline Plaintiff's alternative request for leave to file a motion for jurisdictional discovery to address "[a] critical questions regarding jurisdiction." (Document No. 19, p.14). It does not appear likely that such a motion and/or proposed discovery would be helpful in this case.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 14) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 18, 2018

David C. Keesler
United States Magistrate Judge